IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MICHAEL RUSSELL**                                                                                           **PLAINTIFF**

V.                                         No. 4:21-CV-00271-LPR

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER of**
**SOCIAL SECURITY ADMINISTRATION**                                             **DEFENDANT**

## ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Patricia S. Harris as well as Plaintiff's objections. After a careful and *de novo* review of the RD, the objections thereto, and the entire record in this case, the Court approves and adopts Judge Harris's RD to the extent that it is not inconsistent with the following additional analysis.

Mr. Russell contends that the RD does not address his initial arguments that the ALJ erred by (1) failing to sufficiently explain his decision to reject two specific limitations in Dr. Phillips's medical opinion, and (2) failing to incorporate a limitation into the RFC from Dr. Hester's medical opinion, despite finding the opinion persuasive. The Court finds no merit in these objections.

Mr. Russell first says the ALJ erred by failing to explain why he rejected portions of Dr. Phillips's opinion that indicated Mr. Russell would be off task for 20% of a typical work day and require two absences from work per month. The Court agrees with Judge Harris that the ALJ's treatment of Dr. Phillips's medical opinion was particularly thorough and that it met the regulatory requirements.[1] Those regulations require the ALJ to explain how he considered the supportability

---

[1] *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

and consistency of each medical opinion of record in determining a claimant's RFC.[2]  Mr. Russell argues that the ALJ erred by failing to specifically discuss the supportability and consistency of the off-task and absentee limitations.  But this argument misconstrues the ALJ's duty and misunderstands the level at which the ALJ's analysis must occur.  When a medical source like Dr. Phillips provides multiple opined limitations within an overall medical opinion, the ALJ is not required to articulate how he considered each opined limitation individually.[3]  Instead, "[the ALJ] will articulate how [he] considered the medical opinions . . . from that medical source together in a single analysis" using the factors listed in the regulation.[4]  The ALJ is only required to explain how he considered the supportability and consistency factors in his singular, collective, and overall analysis of the medical source's opinions.[5]

In this case, the ALJ went above and beyond his regulatory duty by discussing, at length, his reasoning for adopting some—but not all—of Dr. Phillips's opined limitations in fashioning Mr. Russell's RFC.  Regarding the supportability factor, the ALJ explicitly found that Dr. Phillips's opinions were "not clearly supported in her treatment notes."[6]  The Court agrees with this assessment.  Dr. Phillips's handwritten treatment notes are sparse, and they do not contain any objective findings that could support the opined absentee or off-task limitations.[7]  Dr. Phillips did not cite any objective findings or otherwise provide any explanation supporting her opinions about

---

[2] *Id*.

[3] 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

[4] *Id*.

[5] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

[6] Tr. (Doc. 10-2) at 24.

[7] Tr. (Doc. 10-7) at 3–7, 36–37, 47, 68–70.  Mr. Russell points the Court to his reports of chest pain and shortness of breath in the treatment notes, but these do not constitute objective medical evidence: "Objective medical evidence means signs, laboratory findings, or both.  Signs means one or more anatomical, physiological, or psychological abnormalities that can be observed, apart from your statements (symptoms).  Signs must be shown by medically acceptable clinical diagnostic techniques."  20 C.F.R. §§ 404.1502(f)–(g), 416.902(k)–(l).

these limitations.[8]  The only clinical finding Dr. Phillips cited for *any* of her opinions was a decreased range of motion in Mr. Russell's hands and shoulders, which the ALJ specifically rejected as being unsupported by her treatment notes.[9]  The ALJ adequately addressed the supportability of Dr. Phillips's opinion.

As for the consistency factor, the ALJ explained that Dr. Phillips's medical opinion was only somewhat consistent with the record, and he cited numerous specific physical and mental clinical findings to support his finding.[10]  The ALJ went on to explicitly find that the off-task limitation was inconsistent with the record's generally normal findings, which are detailed both in the ALJ's written opinion and in Judge Harris's RD.[11]  Mr. Russell faults the ALJ for not specifically stating why he declined to adopt the absentee limitation, but (again) such an explanation exceeds the ALJ's regulatory duty.  The ALJ clearly found that Dr. Phillips's opinion was not fully consistent with the evidence of record, and substantial evidence supports his finding.  The Court finds no error in the ALJ's treatment of Dr. Phillips's opinion.

Mr. Russell's other objection is that the ALJ gave improper treatment to a portion of Dr. Hester's medical opinion stating that Mr. Russell "may not be able to complete work tasks within an acceptable time frame."[12]  Mr. Russell concedes that the ALJ was not required to fully incorporate the opinion word-for-word into the RFC, but he argues that the ALJ should have provided "at least some reasoning to explain his decision not to incorporate an opinion source's limitations despite finding it fully persuasive."[13]

---

[8] Tr. (Doc. 10-7) at 63.

[9] Tr. (Doc. 10-2) at 24-25.

[10] *Id*. at 24.

[11] *Id*. at 22–25; RD (Doc. 16) at 5–8.

[12] Tr. (Doc. 10-7) at 59.

[13] Pl.'s Objs. (Doc. 17) at 4 (citing *Scivally v. Sullivan*, 966 F.2d 1070, 1072 (8th Cir. 1992)).

Dr. Hester's statement about Mr. Russell's ability to work at an adequate pace is vague and equivocal. By finding that Mr. Russell "may not" be able to meet pace expectations, Dr. Hester did not foreclose an alternative possibility—that Mr. Russell may indeed have the capacity to complete tasks in an acceptable time frame. The latter alternative is more consistent with the ALJ's conclusion that "despite the abnormal mental findings, [Mr. Russell] maintains functioning,"[14] and it is better supported by the remainder of Dr. Hester's clinical findings and conclusions. For example, Dr. Hester opined that Mr. Russell "can cope with the mental demands of basic work tasks" and emphasized that "it was [Mr. Russell's] back pain and loss of visual acuity," rather than his mental limitations, that limited his ability to perform his work duties.[15] Dr. Hester also concluded that Mr. Russell had the capacity to communicate effectively, interact in a socially adequate manner, attend to and sustain concentration on basic tasks, and sustain persistence in completing tasks.[16] Dr. Hester did not opine that any specific limitation would be necessary to accommodate Mr. Russell's mental impairments. Thus, the Court cannot conclude that Dr. Hester's opinion is at odds with the ALJ's RFC determination. The Court finds that the ALJ did not err in this regard.

Assuming *arguendo* that the ALJ's reasoning was deficient, the Court would nevertheless affirm based on harmless error.[17] The ALJ discussed Dr. Hester's findings at length and even credited the opinion in rejecting evidence from another medical source that found Mr. Russell's mental impairments were non-severe.[18] But the ALJ specifically concluded that, despite Dr.

---

[14] Tr. (Doc. 10-2) at 23.

[15] Tr. (Doc. 10-7) at 59.

[16] *Id*.

[17] To show an ALJ's error was not harmless, the claimant is tasked with providing some indication that the ALJ would have decided differently had the error not occurred. *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012).

[18] Tr. (Doc. 10-2) at 25.

Hester's abnormal findings, Mr. Russell "maintains [mental] functioning."[19]  The ALJ stated that he had fully considered the opinion evidence in making his RFC finding,[20] and Mr. Russell has not provided any indication that the ALJ would have decided the case differently absent the alleged legal error.  Thus, the Court would find that the ALJ's "arguable deficiency in opinion-writing technique" had no bearing on the outcome of his decision, and reversal would not be warranted on this basis.[21]

IT IS THEREFORE ORDERED THAT the Commissioner's decision is AFFIRMED, and judgment will be entered for the Commissioner in this case.

IT IS SO ORDERED this 22nd day of September 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[19] *Id.* at 23.

[20] *Id.* at 26.

[21] *Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) (citation omitted).